**UNITED STATES of America,**
**Plaintiff,**

v.

**Adrian AGOSTINI, Defendant.**

**No. S17 00 CR. 237.**

United States District Court,
S.D. New York.

Aug. 22, 2003.

See also 214 F.Supp.2d 421.

Aitan D. Goelman, Assistant United States Attorney, Mary Jo White, United States Attorney, New York City, for U.S.

Bruce McIntyre, McIntyre & Pope, New York City, for Adrian Agostini.

### DECISION AND ORDER

MARRERO, District Judge.

For the reasons stated on the record at the parties conference with the court on August 22, 2003, a copy of which is attached and incorporated hereto, defendant Adrian Agostini's motion to dismiss the charges against him in this case is DENIED.

SO ORDERED.

### UNITED STATES v. ADRIAN AGOSTINI

### S17 00 CR 237

**Statement by the Court in Connection with Defendant's Motion to Dismiss for Violation of His Right To a Speedy Trial**

### August 22, 2003

In a letter dated August 18, 2003, defendant Adrian Agostini (the "Defendant") moved this Court for dismissal with prejudice of the charges against him, for which trial is scheduled to commence on September 8, 2003, on the ground that his right to speedy trial has been violated. Defendant makes this argument on two grounds: under the Sixth Amendment of the United States Constitution and under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–3174 (2002). For the following reasons, Defendant's motion is DENIED.

 As a factual matter, from March 8, 2002—when Defendant's first trial was completed—until March 4, 2003, the record indicates that Defendant was either responsible for, or in agreement with, de-

lays in setting a date for trial. First, Defendant filed a post-trial motion seeking acquittal, which was decided by the Court on June 3, 2002. As Defendant was the party requesting that the Court consider such a motion, it is settled that he can not make a Speedy Trial Act argument concerning the time it took the Court to consider this motion. *See* 18 U.S.C. § 3161(h)(1)(F). Moreover, from June 2002 through March 2003, the Defendant joined the Government in multiple requests to delay the trial in order to determine whether disposition without trial was possible. (*See* Transcript of status conference on Dec 12, 2002 at 6–7; Letters of Daniel M. Gitner to the Court, dated January 9, 2003 and January 31, 2003.) Furthermore, Defendant raised concerns about his attorney's representation of him back in October of 2002, which the Court had to address before a trial in this matter could go forward.

At the March 4, 2003 conference in this matter, the Court set the first date available on its calendar for a three to four week trial and accommodated defense counsel, who explained that he had a number of trials in June and that therefore a June trial date would be difficult for him. Therefore, the Court set the trial for September 8, 2003. The Government moved to exclude time until that date and defense counsel raised no objection to that request. Therefore, time was excluded under the Speedy Trial Act.

Violations of the Sixth Amendment right to a speedy trial are evaluated under a four factor test which looks to: (1) whether the delay before trial was uncommonly long; (2) whether the Government or the defendant is more to blame for the delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether the defendant suffered prejudice as a result of the delay.

*See Doggett v. U.S.*, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). Here, despite the 17 months that passed since Defendant's last trial, the factors for determining the existence of an unconstitutional delay weigh heavily toward this Court's conclusion that no constitutional violation would be committed here by allowing the trial to go forward in September of this year. The Defendant here was responsible, in large part at least, for the delay in setting the trial date. The Court had to contend with Defendant's post-trial motion, his complaints concerning his attorney, his discussions concerning a possible disposition without a trial and finally with his counsel's schedule. All of these issues caused delay. The Government has been prepared to go to trial since the close of possible plea negotiations in March 2003. Moreover, because Defendant has been a consenting party to much of this delay, he has not asserted his Speedy Trial Act objections in a timely manner, since the Court was accommodating his requests as well as the Government's. Simply put, Defendant never pressed for an earlier trial date and now has no cause to complain. Moreover, the Court is not persuaded that any prejudice to Defendant's case has resulted from the delay simply because he has been ill and has had to remain incarcerated.

Finally, Defendant is not entitled to dismissal of the case against him based on the Speedy Trial Act. In his motion Defendant indicates that because 17 months have passed since his previous trial in this case, the 70 days allowed under the Speedy Trial Act have clearly run. Defendant ignores that the relevant time under the Act has specifically been excluded with his consent or was otherwise excludable. *See United States v. Salerno*, 108 F.3d 730 (7th Cir.1997). As indicated in *United States v. Kucik*, 909 F.2d 206, 211 (7th Cir.1990),

"[w]here a defendant actively participates in a continuance ... he cannot then 'sandbag' the Court and the government by counting that time in a speedy trial motion." Moreover, in one instance in which Defendant objected to the exclusion of time, on December 12, 2002, such an objection was made only after Defendant joined in a request with the Government not to set a trial date in order to facilitate a possible disposition without trial. Under those circumstances, the Court properly excluded time in the interests of justice despite Defendant's objection.

■ Moreover, the three factors courts are to consider in ruling on speedy trial claims all warrant denying Defendant's motion: (1) the seriousness of the offense; (2) the circumstances surrounding any dismissal; and (3) the effect of reprosecution on the administration of justice. *See* 18 U.S.C. § 3162. The crimes for which Defendant is charged are serious. The factual circumstances surrounding this motion, as the Court has already relayed, clearly indicate that Defendant is responsible for much of the delay and it is therefore equitable that he be tried. Finally, the Government is not responsible for the delay since the Assistant United States Attorney handling this case indicated in March 2003, directly after negotiations concerning a possible disposition were completed, that he was ready to proceed to trial as soon as the Court was able to schedule a trial. Therefore, Defendant's motion to dismiss the charges against him are DENIED.